# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E. FRED SCHUBERT, | ) ) ) |
| Plaintiff and Counterclaim-Defendant, | ) ) C.A. No. 1:12-cv-924-MN |
| v. | ) ) **JURY TRIAL DEMANDED** |
| LUMILEDS LLC, | ) ) |
| Defendant and Counterclaimant. | ) ) **PUBLIC VERSION** |
| v. | ) **FILED JULY 1, 2020** ) |
| TRUSTEES OF BOSTON UNIVERSITY, | ) ) ) |
| Counterclaim-Defendant. | ) |

**DEFENDANT AND COUNTERCLAIMANT LUMILEDS LLC'S MOTION FOR EXTENSION OF TIME AND LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

737364707

## I. INTRODUCTION

Lumileds LLC seeks an extension from June 23 to July 20, 2020 to oppose the motion to dismiss filed by Counterclaim-Defendant Trustees of Boston University ("BU"), and leave to conduct jurisdictional discovery. This relief would allow Lumileds to simultaneously complete pending, narrowly tailored discovery regarding both specific personal jurisdiction and inequitable conduct, and would provide a fair opportunity to oppose the motion to dismiss without delay.

Lumileds needs targeted discovery into BU's highly profitable conspiracy with Plaintiff Schubert to fraudulently extend the '475 patent and enforce it in Delaware, including:

- BU's input and control regarding where to file the three patent cases that were eventually filed in Delaware on this patent, and which defendants to sue;
- BU's revenue relating to the '475 patent; and
- BU's revenue from any other District of Delaware patent litigation, given BU's admitted policy of retaining a percentage financial interest in patents it transfers to third parties.

Without the requested relief, BU stands to benefit from this lawsuit if Schubert prevails, without facing the risk of liability for BU's own exceptional conduct if BU's and Schubert's concerted fraud on the Patent Office is found to render the patent unenforceable. Granting the relief—and completing all discovery at once—is both efficient and fair, and helps ensure compliance with the August 11, 2020 discovery cutoff.

## II. BU AND SCHUBERT CONSPIRED TO FRAUDULENTLY REVIVE THE '475 PATENT AND EXPLOIT IT IN DELAWARE

After Schubert rejected BU's offer to sell him U.S. Patent No. 6,294,475 (the "'475 patent") before it expired, BU deliberately did not pay the maintenance fee and let the patent expire "due to lack of commercial interest." Molano Decl., Ex. A. Approximately 7 months later, BU

decided to revive the patent in order to "generate significant revenue" through a percentage financial interest in Dr. Schubert's patent spoils.  Molano Decl., Ex. B.  BU's petition to revive falsely certified that the entire delay in paying maintenance fees was "unintentional."  Molano Decl., Ex. C.

To maximize the "significant revenue" it hoped to extract from the fraudulently revived patent, BU entered into a joint and continuing enterprise with Schubert to monetize the patent by suing light emitting diode (LED) industry leaders.  The deal required BU to fraudulently revive the expired '475 patent and Schubert to provide BU a percentage of the spoils obtained from asserting it, giving BU a direct and continuing stake in every lawsuit Schubert brought.  And the parties necessarily contemplated that their concerted exploitation of the '475 patent would focus on Delaware, which at the time of the deal entertained the second highest number of patent litigations in the nation.  Molano Decl., Ex. D.  Further, while two of the contemplated targets of the enforcement campaign—Lumileds and Osram—are organized under Delaware laws, Schubert sued all three in Delaware. Molano Decl., Exs. E and F.  And Schubert successfully opposed Osram's and the non-Delaware defendant's motions to transfer, arguing it was most efficient and geographically convenient for all cases to proceed in Delaware.   Molano Decl. Exs. E (at *3) and F (at *3-4).  The proof is in the pudding:  Schubert has not sued anywhere else (*id*., Ex. G), nor is he likely to because the '475 patent expired on June 23, 2019.

Consistent with their continuing arrangement, BU actively monitored Schubert's lawsuits, requiring him to provide periodic reports regarding the three '475 patent lawsuits that were filed in Delaware.  *See id*., Exs. H and I.[1]

---

[1] In fact, Schubert and one settling defendant even amended their final settlement agreement to satisfy BU's reporting requirements.  *See* Molano Decl., Ex. J.

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

### III. ARGUMENT

The evidence above suggests that discovery directed at BU will bring to light additional facts fleshing out BU's participation in the conspiracy to fraudulently revive and monetize the patent by suing LED companies in Delaware. Discovery is necessary to determine the full extent of BU's participation in and its potential control of this scheme. And BU's presence in this lawsuit is necessary to ensure that Lumileds can recover any 35 U.S.C. § 285 award based on the inequitable conduct underlying the revival of the '475 patent. ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████ Molano Decl., Ex. L (emphasis added). Justice requires that jurisdictional discovery proceed, and efficiency requires that it proceed now, before the motion to dismiss is heard, rather than afterward.

#### A. Lumileds Seeks Narrowly Tailored Discovery Regarding Specific Personal Jurisdiction

Lumileds needs narrowly tailored document, deposition, and written discovery from BU addressing the facts establishing specific jurisdiction so that Lumileds can fairly and timely oppose BU's Motion to Dismiss. Lumileds heeded the Court's directive to proceed quickly with discovery, and immediately served BU with requests for production directed to both jurisdiction and inequitable conduct. *Id.*, Ex. M. BU's production is due July 6, 2020. Lumileds also noticed

BU's Rule 30(b)(6) deposition for July 13, 2020, again regarding specific jurisdiction and inequitable conduct issues.[2]  *Id.*, Ex. O.  Lumileds requested that BU meet and confer on June 8 regarding jurisdictional discovery, but BU refused.  *Id.*, Exs. Q at n. 1, R.

Lumileds seeks this narrow jurisdictional discovery:

- BU's financial interest in the '475 Patent, including revenue BU received or may receive relating to the '475 Patent or Schubert.

- Communications with Schubert relating to potentially and actually filing any lawsuit asserting the '475 Patent, including regarding venue and potential defendants.

- BU's rights in other patents asserted in the District of Delaware, given BU's admitted policy of retaining a percentage financial interest in patents it transfers to third parties.[3]

- Communications with Schubert regarding former defendants' Motions to Transfer Venue.

*See*, *e.g.*, Molano Decl., Ex. M at Request Nos. 1-6, Ex. O at Topics 1-4, and Ex. S at Interrogatory Nos. 1-3.[4]

### B. The Court Should Allow Time for Jurisdictional Discovery Because Personal Jurisdiction Over BU Is Well-Substantiated.

"[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous."  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted).  "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained."  *Id.*

---

[2] Lumileds also served BU with document and deposition subpoenas covering the same ground in case BU is dismissed.  Molano Decl. Exs. N and P.

[3] *See, e.g.*, D.I. 143, Affidavit of Martin J. Howard at ¶ 15, June 9, 2020.

[4] Lumileds withdraws its document requests and interrogatories to the extent they seek information regarding general jurisdiction.  *See* Molano Decl., Ex. M at 7-10, 15-17 and Ex. S at 4-5.

Lumileds' claim of personal jurisdiction is well-substantiated, not frivolous. As explained below, the Court has personal jurisdiction over BU because: (1) BU conspired with Schubert to fraudulently revive and exploit the patent; and (2) BU's and Schubert's fraudulent conduct has injured Lumileds in Delaware.

1. BU Is Subject to Personal Jurisdiction Under Delaware's "Conspiracy Theory"

BU's conspiracy with Schubert to fraudulently revive the '475 patent and exploit it in Delaware satisfies the "conspiracy theory" for long-arm jurisdiction. Delaware's long-arm statute provides that predicate acts triggering personal jurisdiction may be "in person **or through an agent**." *Int'l Constr. Prods. LLC v. Caterpillar Inc.*, 419 F. Supp. 3d 791, 799 (D. Del. 2019) (quoting 10 Del. C. § 3104(c)(3), emphasis added). "[J]urisdiction in Delaware may be based upon a conspiracy theory, such that an individual defendant is not required to personally perform the acts impacting jurisdiction." *Chase Bank USA N.A. v. Hess*, No. 08-121-LPS, 2011 U.S. Dist. LEXIS 1597, at *16-17 (D. Del. Jan. 6, 2011).

"[U]nder certain circumstances, the voluntary and knowing participation of an absent nonresident in a conspiracy with knowledge or reason to know of an act or effect in the jurisdiction can be sufficient to supply or enhance the contacts required with the jurisdiction for jurisdictional purposes." *Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210, 225 (Del. 1982); *see also Matthew v. Flakt Woods Group SA*, 56 A.3d 1023, 1027-28 (Del. 2012) (non-resident former company member subject to personal jurisdiction due to constructive knowledge of actions committed by other company members in Delaware to dissolve another Delaware company).

Extending jurisdiction to conspirators "comports with the notion of fair play and substantial justice because when a defendant voluntarily participates in a conspiracy with knowledge of its acts or effects in the forum state, he 'can be said to have purposefully availed himself of the

5

privilege of conducting activities in the forum state, thereby fairly invoking the benefits and burdens of its laws.'" *Osco Motors Co., LLC v. Marine Acquisition Corp.*, No. 13-868-RGA/MPT, 2014 U.S. Dist. LEXIS 853580, *35-36 (D. Del. June 24, 2014) (internal citations omitted).

Under the conspiracy theory, jurisdiction exists if:

> (1) a conspiracy to defraud existed; (2) defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy.

*Chase Bank* at *16-17 (defendants subject to personal jurisdiction through conspiracy where defendants sent letters to non-Delaware-based customers of Delaware-based Chase Bank to encourage the customers to stop making payments).

As alleged in Lumileds' Amended Answer and Counterclaims, BU conspired with Schubert to defraud the USPTO into reviving the '475 patent so Schubert and BU could jointly exploit it. Lumileds expects additional discovery to show that BU conspired with Schubert to monetize the '475 patent in the three District of Delaware litigations, including this action against Lumileds, and knew or had reason to know Lumileds would incur fees and costs in Delaware defending against the fraudulently revived patent.

2. BU Is Additionally Subject to Personal Jurisdiction Under the "Effects Test" Because It Injured Lumileds in Delaware

BU is additionally subject to personal jurisdiction under the "effects test," which confers jurisdiction when the defendant commits an intentional tort, plaintiff felt the brunt of the harm in the forum, and defendant "expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007). BU's fraud on the USPTO was an intentional tort, and BU, together with Schubert, injured

6

Lumileds in Delaware by forcing Lumileds to defend against the fraudulently revived patent in here. *See Buck's, Inc. v. Buc-ee's Ltd.*, No. 8:08CV519, 2009 U.S. Dist. LEXIS 53861, *15-16 (D. Neb. June 25, 2009) (defendants' fraudulent representations to USPTO in connection with trademark opposition sufficient to sustain personal jurisdiction over defendant in Nebraska, where plaintiff's business located). BU and Schubert directed their entire fraudulent enforcement scheme at Delaware and only Delaware. Lumileds expects additional discovery to show that BU at least knew beforehand that Schubert would assert the patent against and injure Lumileds in Delaware, and may have approved or even controlled Schubert's decision.

### C. Allowing Jurisdictional Discovery Will Efficiently and Fairly Resolve the Jurisdictional Issues.

BU refuses to respond to the pending jurisdictional discovery. Molano Decl., Ex. R. But regardless of whether BU remains a party to this case, Lumileds is entitled to discovery from BU (at least as a third party) regarding inequitable conduct, including document, deposition, and written discovery. Given that and the narrow scope of discovery into specific jurisdiction, Lumileds can efficiently and easily complete limited jurisdictional discovery at the same time as inequitable conduct discovery.

Based on the current schedule, BU's document production and interrogatory responses are due July 6, 2020. Lumileds needs a week to review the documents before deposing BU on July 13, 2020, and one more week to file its opposition on July 20, 2020. If Lumileds has to oppose BU's motion before obtaining jurisdictional discovery, fair resolution of the motion may be delayed until jurisdictional discovery is complete. Further, the requested schedule, which includes inequitable conduct discovery, helps ensure compliance with the Court's August 11, 2020 discovery cutoff (D.I. 70, ¶ 8(a)), provided BU does not delay.

## IV. CONCLUSION

For the foregoing reasons, Lumileds respectfully requests that the Court extend the time for Lumileds' opposition to BU's Motion to July 20, 2020, and grant Lumileds leave to take the pending limited jurisdictional discovery.

Originally Filed: June 15, 2020
Redacted Version Filed: July 1, 2020

| **OF COUNSEL** | **COOCH AND TAYLOR** |
|---|---|
| Mayer Brown LLP | By: */s/ Blake A. Bennett* |
| | C. Scott Reese (#2036) |
| Edward D. Johnson | Blake A. Bennett (#5133) |
| Michael A. Molano | The Nemours Building, |
| Cliff A. Maier | 1007 N. Orange Street, Ste. 1120 |
| Graham (Gray) M. Buccigross | Wilmington, DE 19899-1680 |
| Two Palo Alto Square, Ste. 300 | Tel: (302) 984-3800 |
| 3000 El Camino Real | |
| Palo Alto, CA 94306 | *Attorneys for Defendant Lumileds LLC* |
| Tel: 650-331-2000 | |
| | |
| Priya A. Desai | |
| 71 S. Wacker Drive | |
| Chicago, IL 60611 | |
| Tel: 312-782-0600 | |

8