# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E. FRED SCHUBERT,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>LUMILEDS LLC,<br><br>    Defendant and Counterclaimant. | C.A. No. 1:12-cv-924-MN<br><br>**JURY TRIAL DEMANDED** |

### LUMILEDS LLC'S CONCISE STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS A GENUINE ISSUE TO BE TRIED, IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT

Pursuant to the Court's Scheduling Order (D.I. 70 ¶ 15(b)), Defendant Lumileds LLC submits this concise statement setting forth material facts as to which Lumileds contends there is a genuine issue to be tried, in opposition to Plaintiff's Motion for Summary Judgment of No Inequitable Conduct (D.I. 258, 262). Lumileds respectfully submits that while the factual issues herein are sufficient to defeat Plaintiff's Motion for Summary Judgment, the Court can grant Lumileds' Motion for Summary Judgment of Unenforceability of U.S. Patent No. 6,294,475 (D.I. 244, 253) without resolving them.

1. Evidencing his intent to deceive the PTO, Schubert committed litigation misconduct by failing to produce Boston University ("BU") employee Dr. Sean Lee's December 3, 2009 email to Schubert stating, *inter alia*, "we can't revive [the '475 Patent[1]] because it was unintentionally abandoned," until June 18, 2020, after the Court decided Lumileds' Motion to Amend its Answer and Counterclaim to assert inequitable conduct and join Boston University ("BU") as a party (D.I. 114-115). *See* Ex. 13[2]; D.I. 193-1 at 2.

2. Evidencing its intent to deceive the PTO, BU committed litigation misconduct by failing to ever produce Dr. Lee's December 3, 2009 email to Schubert stating, *inter alia*, "we can't revive [the '475 Patent] because it was unintentionally abandoned." *See* Ex. 13; *see also* Exs. 12 and 14 (BU's production of related correspondence between Dr. Lee and Schubert from the same time period).

3. At the time she instructed BU's outside patent counsel, Matthew Connors, to revive the '475 Patent, BU Patent Manager Janine Anderson understood that reviving the patent required a certification that BU's delay in timely paying the second maintenance fee was "unintentional." Therefore, and taking into account other, undisputed evidence, she intended to deceive the PTO. Ex. 73 at 54:2-55:11; 56:5-7; 84:4-85:7; 87:5-9; 92:19-23; Ex. 14 at BU001147; Ex. 13.

4. By the time he approved reviving the '475 Patent as part of BU's Patent Committee, and signed the agreement to sell Schubert the patent, Vinit Nijhawan—Managing Director of BU's Office of Technology Development—understood that reviving the patent required a certification

---

[1] U.S. Patent No. 6,294,475.

[2] Exhibits 1-62 are attached to Lumileds' Appendix in Support of Its Motions for Summary Judgment and to Preclude Expert Opinions (D.I. 254-256). Exhibits 63-84 are attached to Lumileds' Appendix in Support of Its Opposition, filed herewith.

that BU's delay in timely paying the second maintenance fee was "unintentional." Therefore, and taking into account other, undisputed evidence, he intended to deceive the PTO. Ex. 67; Ex. 68; Ex. 21 at BU000424-426; Ex. 76 at 49:11-20; 99:10-14; 100:8-101:3; 103:6-11; 107:13-21; 110:1-6; 117:24-118:9; 123:14-20; Ex. 21.

5. Evidencing his intent to deceive the PTO, Connors did not testify credibly at deposition. For example, he claimed to have forgotten nearly all details surrounding BU's revival of the '475 Patent. For instance, Connors claimed he could not remember even a "single fact about [his] understanding of BU's reasoning for not timely paying the maintenance fee." Ex. 72 at 132:17-21. Connors also claimed he could not "recall a single step [he] took to verify whether or not the delay in paying the maintenance fee for the '475 patent was unintentional." *Id*. at 111:1-113:21; *see also, e.g.*, 105:5-15; 106:12-23, 45:24-46:4; 68:14-17.

6. Further demonstrating his intent to deceive the PTO and lack of candor, Connors purposely avoided reviewing Lumileds' inequitable conduct allegations in an attempt to avoid answering questions about them, instead having his colleague review them. *See id*. at 175:24-187:6.

7. Evidencing her intent to deceive the PTO, Anderson did not testify credibly at deposition. For example, she claimed to have forgotten nearly all details surrounding BU's revival of the '475 Patent. Ex. 8 at BU001135; Ex. 21; Ex. 66; Ex. 14 at BU001150, A-209; Ex. 35 at 208:4-213:6. As another example, Anderson claimed to have forgotten a conversation with BU's corporate designee a "few weeks" earlier about Dr. Lee's whereabouts (Ex. 73 at 60:24-62:2), but recounted her last two weeks of work in great detail (*id.* at 302:6-304:5). An another example, she did not testify truthfully about whether she talked to BU's counsel, who was representing her, during breaks in the deposition. Ex. 73 at 152:13-155:16, 158:21-159:23.

8. Evidencing his intent to deceive the PTO, Nijhawan did not testify credibly at deposition. For example, he claimed to have forgotten nearly all details surrounding BU's revival of the '475 Patent, despite acknowledging that "ultimately the responsibility laid on" him for BU and Connors filing the petition to revive. Ex. 76 at 110:1-6, 49:11-20, 120:13-121:1, 121:13-19.

9. Evidencing its intent to deceive the PTO, BU, through its corporate designee, did not testify credibly at deposition. For instance, BU claimed that, beyond one in-house attorney, those at the OTD have no "understanding that [the OTD] owes a duty of candor to the patent office." Ex. 77 at 105:12-106:17, 14:21-16:2; *but see* Ex. 13 (Dr. Lee acknowledging BU's obligation "to be truthful to the patent office.").

10. Evidencing his intent to deceive the PTO, Schubert did not testify credibly at deposition. ███████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████

3

DATED: March 2, 2021

**OF COUNSEL**

Mayer Brown LLP

Edward D. Johnson
Donald M. Falk
Michael A. Molano
Cliff A. Maier
Graham (Gray) M. Buccigross
Two Palo Alto Square, Ste. 300
3000 El Camino Real
Palo Alto, CA 94306
Tel: 650-331-2000

Gregory J. Apgar
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-506-2500

Priya A. Desai
71 S. Wacker Drive
Chicago, IL 60611
Tel: 312-782-0600

**COOCH AND TAYLOR**

By: */s/ Blake A. Bennett*
C. Scott Reese (#2036)
Blake A. Bennett (#5133)
The Nemours Building,
1007 N. Orange Street, Ste. 1120
Wilmington, DE 19899-1680
Tel: (302) 984-3800

*Attorneys for Defendant Lumileds LLC*