## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E. FRED SCHUBERT, | |
| Plaintiff and Counterclaim-Defendant, | C.A. No. 1:12-cv-924-MN |
| v. | JURY TRIAL DEMANDED |
| LUMILEDS LLC, | **PUBLIC VERSION** |
| Defendant and Counterclaimant. | |

## [PROPOSED] JOINT FINAL PRETRIAL ORDER

The following matters as to trial come to the Court at a final pretrial conference to be held on May 10, 2021 at 10:00AM ET, pursuant to Federal Rule of Civil Procedure 16.  The Plaintiff and Counterclaim Defendant is E. Fred Schubert ("Dr. Schubert" or "Plaintiff" or "Counterclaim Defendant") and the Defendant and Counterclaimant is Lumileds LLC ("Lumileds" or "Defendant" or "Counterclaimant").  Pursuant to Local Rule 16.3, Dr. Schubert and Lumileds hereby submit for the Court's approval this proposed Joint Final Pretrial Order governing the above-captioned bench trial commencing on May 13, 2021 at 9:00AM ET.

i

# TABLE OF CONTENTS

INDEX OF EXHIBITS ........................................................................................................ iii

I.      NATURE OF CASE ................................................................................................. 1

    A.   Nature of the Action ......................................................................................... 1

    B.   The Pleadings in Which the Issues Are Raised ............................................... 1

    C.   Pending Motions ............................................................................................... 2

II.     JURISDICTION AND VENUE ............................................................................... 3

III.    FACTS ....................................................................................................................... 3

    A.   Uncontested Facts ............................................................................................. 3

    B.   Contested Facts ................................................................................................. 5

IV.     ISSUES OF LAW THAT REMAIN TO BE LITIGATED .................................... 5

V.      WITNESSES ............................................................................................................. 6

    A.   List of Witnesses the Parties Expect to Call Live or by Deposition ............... 6

    B.   Testimony by Deposition .................................................................................. 7

    C.   Objections to Expert Testimony ..................................................................... 12

VI.     EXHIBITS ............................................................................................................... 13

    A.   Trial Exhibits .................................................................................................. 13

    B.   Demonstrative Exhibits .................................................................................. 17

VII.    BRIEF STATEMENT OF INTENDED PROOFS ............................................... 19

VIII.   BIFURCATED TRIAL ........................................................................................... 19

IX.     MOTIONS *IN LIMINE* ........................................................................................ 19

X.      NUMBER OF JURORS ......................................................................................... 19

XI.     NON-JURY TRIAL ................................................................................................ 20

XII.    LENGTH OF TRIAL ............................................................................................. 22

XIII.   AMENDMENT OF THE PLEADINGS ................................................................ 23

XIV.    SETTLEMENT ....................................................................................................... 23

XV.     MISCELLANEOUS ISSUES ................................................................................. 23

741438051.1

## <u>INDEX OF EXHIBITS</u>

**STATEMENT OF UNCONTESTED FACTS WHICH REQUIRE NO PROOF**

| | |
|---|---|
| Joint | Exhibit 1 |

**STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED**

| | |
|---|---|
| Lumileds | Exhibit 2 |
| Dr. Schubert | Exhibit 3 |

**STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

| | |
|---|---|
| Lumileds | Exhibit 4 |
| Dr. Schubert | Exhibit 5 |

**TRIAL WITNESSES**

| | |
|---|---|
| Lumileds | Exhibit 6 |
| Dr. Schubert | Exhibit 7 |

**DEPOSITION DESIGNATIONS**

| | |
|---|---|
| Lumileds | Exhibit 8 |
| Dr. Schubert | Exhibit 9 |

**TRIAL EXHIBITS**

| | |
|---|---|
| Joint | Exhibit 10 |
| Lumileds | Exhibit 11 |
| Dr. Schubert | Exhibit 12 |

**BRIEF STATEMENT OF INTENDED PROOF**

| | |
|---|---|
| Lumileds | Exhibit 13 |
| Dr. Schubert | Exhibit 14 |

**MOTIONS *IN LIMINE***

| | |
|---|---|
| Lumileds' Motion | Exhibit 15 |
| Dr. Schubert's Opposition | Exhibit 16 |
| Lumileds' Reply in Support of its Motion | Exhibit 17 |

741438051.1

## I.     NATURE OF CASE

### A.  Nature of the Action

1.      Plaintiff Dr. E. Fred Schubert filed this action for infringement of United States Patent No. 6,294,475 (the "'475 Patent"). This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.      Defendant Lumileds LLC filed declaratory judgment counterclaims against Dr. Schubert alleging non-infringement, invalidity, and unenforceability of the '475 Patent. (D.I. 128).

3.      The bench trial scheduled for May 13-14, 2021 pertains to Lumileds' claim regarding unenforceability of the '475 Patent.

### B.  The Pleadings in Which the Issues Are Raised

4.      On July 18, 2012, Dr. Schubert filed his Complaint against Koninklijke Philips Electronics, N.V. and Philips Lumileds Lighting Company LLC. (D.I. 1).

5.      On November 7, 2012, Koninklijke Philips Electronics, N.V. and Philips Lumileds Lighting Company LLC's (Lumileds' predecessors-in-interest) filed their Answer and Counterclaims to Dr. Schubert's Complaint.  (D.I. 9). On March 6, 2020, Lumileds LLC was substituted into the case as defendant based on a change of name from Philips Lumileds Lighting Company and divestiture by Koninklijke Philips Electronics, N.V. (D.I. 102).

6.      On December 3, 2012, Dr. Schubert filed his Answer to Counterclaims of Koninklijke Philips Electronics, N.V. and Philips Lumileds Lighting Company LLC. (D.I. 11).

7.      On May 19, 2020, Lumileds filed its amended answer and declaratory judgment counterclaims, including seeking declaratory judgment of unenforceability of the '475 Patent, and naming the Trustees of Boston University ("BU") as a party.  (D.I. 128, Lumileds' Amended

Answer and Counterclaims). Lumileds further alleged an eighth affirmative defense of unclean hands based on many of the same alleged facts underlying Lumileds' counterclaim of inequitable conduct.

> a. Lumileds further states that its counterclaims allege that the following individuals committed inequitable conduct: Matthew Connors (Boston University's outside patent counsel), Janine Anderson (Boston University's patent paralegal), Dr. Sean Lee (Boston University's Director of Business Development in Technology Transfer and Case Manager for the '475 Patent), Dr. Ashley Stevens (former Executive Director of Boston University's Office of Technology Development) and Vinit Nijhawan (replaced Ashley Stevens as Office of Technology Development's Executive Director). Lumileds also alleges that Boston University as an entity, through the employees identified above, committed inequitable conduct, and that Dr. Schubert committed inequitable conduct.

8.     On June 2, 2020, Dr. Schubert answered Lumileds' counterclaims.  (D.I. 137, Schubert's Answer to Lumileds' Counterclaim).

9.     On November 24, 2020, the Court granted BU's motion to dismiss for lack of personal jurisdiction and dismissed Lumileds' counterclaims against BU without prejudice.  (D.I. 237, 238).

### C. Pending Motions

10.     Lumileds' motion *in limine* is being filed as part of this Pretrial Order. (*See* Section IX *infra*).

11.     Dr. Schubert previously filed a Motion to Exclude Testimony of Mr. Kunin, which the Court granted-in-part and denied-in-part. (D.I. 261; Minute Entry for Proceedings dated March 15, 2021 (excerpted *infra* "Objections to Expert Testimony")).

12.     There are no additional pending motions with respect to this bench trial.

13.     Separately, the parties have submitted motions for summary judgment and for preclusion of experts related to the issues of infringement and validity, neither of which are directly at issue in this bench trial.

## II.    JURISDICTION AND VENUE

14.     This is a civil action arising under the Patent Laws of the United States, Title 35 of the United States Code.

15.     This Court has subject matter jurisdiction over all claims and counterclaims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16.     No party contests personal jurisdiction or venue for the purposes of this action. Venue is based on 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

## III.   FACTS

### A.  Uncontested Facts

17.     Per the agreement of the parties, the facts listed in **Exhibit 1** hereto are not contested and/or are stipulated to by the parties for purposes of trial. These uncontested facts shall require no proof at trial and will become part of the evidentiary record at trial.

> a.  **Lumileds' Position:** At 11:01pm ET on Sunday, May 2, 2021 (the day before the deadline for this joint pre-trial order), Dr. Schubert deleted more than half of the previously uncontested paragraphs from the draft Joint Statement of Uncontested Facts, including facts previously agreed upon by

the parties on April 19, 2021.  Specifically, on April 2, 2021, Lumileds disclosed 36 paragraphs of proposed facts quoting to the exhibits in the record and identifying sources for those facts.  On April 19, 2021, Schubert responded with minimal revisions to those proposed facts, but added 19 new paragraphs of facts that Lumileds objected to since there were no record citations for those facts.  Then on May 2, the night before the deadline to submit the Joint Statement, Dr. Schubert removed more than half of the facts previously agreed to (going from about 50 uncontested facts down to 17) through the parties' exchange of drafts explaining nonsensically that "the Facts have been streamlined, in light of, the parties' continued editing of quotes and testimony that will be presented at trial."  Dr. Schubert's eleventh-hour gamesmanship will multiply and complicate evidentiary issues at trial.

b. **Dr. Schubert's Position:** While Lumileds' above statement is inappropriate for inclusion in this pretrial order, Dr. Schubert responds as follows: Dr. Schubert diligently attempted to reach agreement of stipulated facts but after significant delay in the process, Lumileds repeatedly edited and struck Dr. Schubert's facts proposed to provide balance to Lumileds' proposals. Many of Lumileds' "facts" and edits were selective quotes from documents that may or may not be objected to at trial. Specifically, Lumileds provided proposed uncontested facts on April 2, 2021, including facts selectively quoting portions of documents and deposition testimony. On April 19, 2021, Dr. Schubert provided edits to those proposed facts to

provide context and additional proposed facts to balance and respond to Lumileds' proposed quotations. Lumileds declined to provide responsive documents until April 27, 2021. With less than 2 business days remaining before the deadline to file this pretrial order, Lumileds provided responsive edits to the proposed uncontested facts, removing over 10 of Dr. Schubert's proposed responsive facts and adding additional selective quotations from documents and testimony. With only 1 business day and the weekend to respond to Lumileds' delayed striking of responsive facts, Dr. Schubert attempted to streamline the facts to exclude the quotations that were continually being edited by the parties. It is respectfully submitted that a 1-2 day bench trial regarding a single issue should not be adversely impacted with the reduced agreed-to facts.

   **B. Contested Facts**

   18.     Lumileds' statement of the issues of fact that remain to be litigated is attached as **Exhibit 2**.

   19.     Dr. Schubert's statement of the issues of fact that remain to be litigated is attached as **Exhibit 3**.

   20.     If this Court determines that any issue identified in the statements of issues of fact is more properly considered an issue of law, it should be so considered.

**IV.   ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

   21.     Lumileds' statement of the issues of law that remain to be litigated is attached as **Exhibit 4**.

741438051.1

22.     Dr. Schubert's statement of the issues of law that remain to be litigated is attached as **Exhibit 5**.

23.     If this Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## V.     WITNESSES

24.     Lumileds' initial list of witnesses that it intends to call at trial, either live (*i.e.*, in-person or by remote video) or by deposition testimony, is set forth in **Exhibit 6**.

25.     Dr. Schubert's initial list of witnesses that he intends to call at trial, either live (*i.e.*, in-person or by remote video) or by deposition testimony, is set forth in **Exhibit 7**.

26.     **Dr. Schubert's Position:** Dr. Schubert objects to the calling of any witnesses that have not been deposed. To the extent any witnesses are to be called live at trial that have not been deposed, Dr. Schubert requests the opportunity to depose any such witness prior to trial.

27.     **Lumileds' Position**:  Lumileds proposes that the Federal Rules apply, which have no such deposition requirement, especially for impeachment purposes.

### A.  List of Witnesses the Parties Expect to Call Live or by Deposition

28.     For any witness whose testimony one or both parties intend to present at trial live or by deposition, the party calling the witness shall serve on opposing counsel a list of witnesses that they intend to call, the order in which they intend to call those witnesses, and whether those witnesses will be called live or by deposition, by 7:00 PM ET five (5) business days before the witnesses are to be called at trial. The parties shall provide any objections to such witnesses by 7:00 PM ET four (4) business days before the witnesses are to be called at trial. The parties shall meet and confer to resolve any objections at 3:00 PM ET three (3) business days before the

witnesses are to be called at trial. A party shall promptly provide notice if it will not call live a witness who is so identified on the list of trial witnesses.

### B. Testimony by Deposition

29.     Use of deposition testimony shall be governed by Fed. R. Civ. P. 32 and the Federal Rules of Evidence.

30.     The deposition testimony that Lumileds may offer into evidence is identified in **Exhibit 8.**

31.     The deposition testimony that Dr. Schubert may offer into evidence is identified in **Exhibit 9.**

32.     Pursuant to the Court's Preferences and Procedures, this pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

33.     Any party may use testimony that is designated by another party (whether as a designation or counter-designation), to the same effect as if it had designated the testimony as its own, even if not separately listed on its own deposition designation list, subject to all objections.

34.     With respect to those witnesses whom the parties have identified in **Exhibits 6 and 7** who will be called to testify live at trial, no deposition designations or counter-designations are permitted or required, except to the extent a witness testified at deposition as a Rule 30(b)(6) corporate designee or for impeachment purposes. Should a fact witness identified in **Exhibits 6 and 7** as testifying live at trial become unavailable under Fed. R. Evid. 804, the parties may designate specific pages and lines of transcript that they intend to read or play in lieu of the

witness's appearance upon reasonable notice, and after establishing the unavailability of the witness to the Court's satisfaction, to the extent another party challenges such claim.

35.     A party may rely on any of the opposing party's deposition designations as counter-designations. For convenience and sake of brevity, the parties have listed counter-designations in response to specific affirmative designations by the opposing party in **Exhibits 8 and 9.** To the extent an opposing party withdraws any affirmatively designated testimony or seeks to limit the manner of presentation of testimony through the designation process, a party may present its counter-designation testimony in response to other specified affirmative testimony by the opposing party, or re-designate its counter-designated testimony affirmatively. Similarly, a party may designate testimony identified as affirmative testimony in this order as a counter-designation.

36.     In accordance with the Court's Preferences and Procedures, counsel for the parties shall confer prior to trial to determine what testimony will be offered by deposition.

37.     For any witness whose testimony one or both parties intend to present at trial by deposition, the party providing the designated testimony shall serve on opposing counsel a list of deposition designations (transcript pages and line numbers of the deposition testimony) that they intend to introduce (*i.e.*, the subset of deposition designations already disclosed in **Exhibits 8 and 9,** and any timely supplements thereto), by electronic mail by 7:00 PM ET five (5) business days before the testimony will be presented. The opposing party will identify any objections to the designated deposition testimony and any specific pages and lines from that deposition (*i.e.*, a subset of deposition designations already disclosed in **Exhibits 8 and 9)** to counter-designate by 7:00 PM ET four (4) business days before the testimony will be presented. By 9:00 AM ET three (3) business days before the testimony will be presented, the introducing party will identify any objections to the other party's counter-designated testimony. The parties shall meet and confer to

8

resolve any objections to the designated testimony at 3:00 PM ET that same day (three business days prior to the testimony being presented).

38.     Pursuant to the Court's Preferences and Procedures, if there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than 12:00 PM ET two calendar days before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (*i.e.,* no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

39.     If during the deposition designation process, either party cancels the use of a deposition designation that it previously made, the other party may adopt that designation or a portion of that designation for its own purposes. Notwithstanding its cancellation, the cancelling party waives all objections to the admissibility of the adopting party's use of the deposition testimony, except to the extent that the deposition testimony is the subject of a currently pending motion *in limine*.

40.     With respect to all witness deposition testimony entered into the evidentiary record, affirmative designations will be counted against the trial time of the party offering the witness, and counter-designations will be counted against the trial time of the party offering the counter-designations. To the extent that deposition designations or counter-designations are admitted into evidence, they must either be played by video or read in open court. If a party opts to introduce

9

deposition testimony as evidence during their case-in-chief presentation, any counter-designation of that same witness's testimony must be submitted in the same medium.

a. **Lumileds' Position:** For each witness where testimony is entered by deposition, all affirmative designations for that witness will be played by video or read for the witness before any counter-designations are played or read. After all the affirmative designations for that witness are played or read, all counter-designations will be played by video or read for that witness before moving on to the next witness. A party may play or read deposition testimony in the sequence it chooses in order to prove its case, as the sequence of deposition testimony does not necessarily track the chronological sequence of underlying facts, and would not otherwise result in a clear presentation at trial.

b. **Dr. Schubert's Position:** For each witness where testimony is entered by deposition, testimony designated by both parties (affirmative and counter-designations) will be played or read consecutively in the sequence in which the testimony was originally given at deposition. It is inappropriate for a party to piece together out-of-context deposition testimony, without associated and clarifying counter-designations, out of sequence from the order in which the testimony was originally given as this would alter the true meaning of the testimony. In addition to losing the sequential relevance and clarification of the counter-designations, presentation in Lumileds' proposed manner will be misleading. For example, this approach may distort the record, as recollections refreshed by review of exhibits reviewed

10

late in the deposition, could be presented at trial before related testimony that actually occurred very early in the deposition.

41.     To the extent deposition designations are read or played in open court, each party will be charged the time taken to read its designations, as measured by the proportion of the number of lines of testimony for its designations to the total number of lines of testimony read. To the extent that video is played, time will be charged according to the actual play time of the video clips. The party offering the deposition testimony designations shall provide to the opposing party and to the Court a "clip report" showing videotape run-times for both the deposition designations and counter-designations at the start of each of day of trial that are expected to be played that day.

42.     In accordance with the Court's Preferences and Procedures, all irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

43.     If an exhibit is referenced in a deposition designation or counter-designation, the exhibit is admitted into evidence if it is included on the offering party's trial exhibit list and is not otherwise objected to, or is included on the joint trial exhibit list.

44.     Pursuant to the Court's Preferences and Procedures, when the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. An additional copy shall be provided to the court reporter. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties.

45.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or examination (direct or cross) of an expert witness. Any deposition testimony may be used at trial for the foregoing purposes, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

### C. Objections to Expert Testimony

46.     Pursuant to the Court's Preferences and Procedures, the parties request that the Court rule at trial on objections to expert testimony, including as outside the scope of prior expert disclosures, taking time from the parties' trial presentations to argue and decide such objections.

47.     Dr. Schubert previously filed a Motion to Exclude Testimony of Mr. Kunin, which the Court granted-in-part and denied-in-part. (D.I. 261; Minute Entry for Proceedings dated March 15, 2021). The Court's Order stated:

> All right. So that leaves us with the issue of Mr. Kunin. And I have read the report and most of his expert report seems like a lawyer's argument dressed up as expert testimony, so I'm going to grant the motion, the Daubert motion in part because I think it's inappropriate for a lawyer to make arguments from the witness stand as if it were testimony. And if I'm deciding the issue, I'm not interested in having a lawyer testify about what the law is. But if you want to use your limited time at trial to have someone tell me about patent practice regarding the fees and statement, you can do that, but he is not going to be allowed to opine that there is a breach of duty of candor or what was in anyone's mind or what they did was intentional. So that motion is going to be granted in part and denied in part for the reasons that I just stated.

(Transcript of Minute Entry for Proceedings dated March 15, 2021).

## VI.   EXHIBITS

### A.   Trial Exhibits

48.     The parties herewith submit three lists of premarked exhibits which are intended to be offered at trial, along with citations to the Federal Rules of Evidence to note any objections thereto lodged by any other party, as described below.

49.     The parties' joint list of trial exhibits is attached as **Exhibit 10,** identified with JTX prefixes. Dr. Schubert, as Plaintiff and Counterclaim Defendant, shall identify his exhibits with PTX prefixes. Dr. Schubert's trial exhibit list, and Lumileds' objections thereto, is attached as **Exhibit 12**. Lumileds, as Counterclaimant and Defendant, shall identify its exhibits with DTX prefixes. Lumileds' list of trial exhibits, and Dr. Schubert's objections thereto, is attached as **Exhibit 11**.

50.     Subject to the provisions of this Section VI.A., and the pending motions *in limine,* and pursuant to the Court's Preferences and Procedures, this pretrial order contains the maximum universe of exhibits to be used by a party at trial (other than solely for impeachment or cross-examination) as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

51.     Pursuant to the Court's Preferences and Procedures, exhibits not listed will not be admitted unless good cause is shown. Further, pursuant to the Court's Preferences and Procedures, no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.

> a.   **Lumileds' Position:** Due to Boston University, and its current and former employees and counsel not appearing for trial, trial lasting only two days, and Dr. Schubert's eleventh-hour deletion of previously uncontested facts,

741438051.1

Lumileds submits that there may be other instances in which exhibits should be admitted. For example, if the parties stipulate, or if a document was produced to Lumileds after the relevant witness was deposed and the witness is now unavailable.

b. **Dr. Schubert's Position:** Since this is a bench trial, Dr. Schubert proposes that the parties present any such issues to the Court in accordance with the parties' exchange schedule and the Court's procedures for a determination as to particular exhibits in the context of their use at trial.

52.     Once the pre-trial order is filed with the Court, modification of trial exhibits will be permitted until 6:00 PM ET on May 11, 2021, to the extent necessary to comply with any rulings made by the Court at the pre-trial conference. After that time, modification of trial exhibit lists will not be permitted except upon order of the Court for good cause shown, or upon agreement of the Parties.

53.     Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections that shall be disclosed pursuant to the procedures outlined below. Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission.

54.     Exhibits to be used solely for impeachment or cross-examination need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

55.     A party will provide a list of trial exhibits to be used in connection with deposition designation testimony by 7:00 PM ET five (5) business days before their intended use, and objections will be provided no later than 7:00 PM ET four (4) business days before their intended use. The parties will meet-and-confer at 3:00 PM ET three (3) business days before their intended

use. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

        a.  **Lumileds' Position:** If good faith efforts to resolve the objections fail, the party seeking to present the exhibit shall, no later than two (2) business days before the start of the trial, submit, on behalf of both parties: (i) A copy of the exhibit at issue, clearly highlighting the objections, together with any associated deposition designations to the extent necessary; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (*i.e.,* no more than one sentence per objection) of the basis for the objection and the offering party's response to it.

        b.  **Dr. Schubert's Position:** If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention at the beginning of the day on which the witness with whom the exhibit is to be used will be called to testify. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

56.    A party will provide a list of trial exhibits to be used in connection with live testimony (direct examination exhibits only, not cross-examination exhibits) by 7:00 PM ET two (2) calendar days before their intended use, and objections will be provided no later than 7:00 PM ET the next day. The parties will meet-and-confer at 8:00 PM ET that same night. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention at the beginning of the day on which the witness with whom the exhibit

is to be used will be called to testify. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

57.     Exhibits not objected to that are used with a witness at trial will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony. Nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

58.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side. Each party reserves the right to object to the relevance of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

59.     Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of United States patents and the contents of the Patent and Trademark Office file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

60.     The exhibit lists indicate whether each trial exhibit has previously been marked as a deposition exhibit. To remove duplicates and improve legibility of the exhibits used at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition exhibit regardless of whether it bears a deposition exhibit sticker.

741438051.1

61.     Pursuant to the Court's Preferences and Procedures, on the first day of trial, Lumileds shall provide by email to the Courtroom Deputy a completed AO Form 187 exhibit list for the parties' joint exhibits and Lumileds' exhibits.  Schubert shall provide by email to the Courtroom Deputy a completed AO Form 187 exhibit list for his exhibits.  All exhibits will be pre-marked and include the prefix PTX, DTX or JTX, the exhibit number (all PTX, DTX, and JTX should start at exhibit 1), as well as the Civil Action Number, as set forth in **Exhibits 10, 11 and 12**.

## B. Demonstrative Exhibits

62.     The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Final Pretrial Order. Dr. Schubert's demonstrative exhibits will be identified with PDX numbers, starting with PDX 1.  Lumileds' demonstrative exhibits will be identified with DDX numbers, starting at DDX 1.

63.     Pursuant to the Court's Preferences and Procedures, demonstrative exhibits will be admitted only by agreement of the parties.  The parties will exchange demonstratives to be used in opening statements by 5:00 PM ET the day before opening statements, and any objections will be provided by 7:00 PM ET that same day. If there are objections that remain to be resolved, the parties will meet and confer by 8:00 PM the night before opening statements, and will present any unresolved objections to the Court before commencement of any opening statements the following day. Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits after the initial disclosure but prior to such use. Demonstratives to be used in opening statements will not be used by the opposing party prior to being used by the disclosing party.

64.     A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 PM ET two (2) days before their intended use, and objections will be provided no later than 7:00 PM ET the night before their intended use. The parties will meet-and-confer at 8:00 PM ET that same night.  Pursuant to the Court's Preferences and Procedures, if good faith efforts to resolve the objections fail, the party objecting to the demonstrative shall bring its objections to the Court's attention at the beginning of the day on which the witness with whom the demonstrative is to be used will be called to testify.

65.     Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits after the initial disclosure but prior to such use.  Demonstrative exhibits to be used in connection with a specific witness will not be used prior to that witness being called to testify.

66.     Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

67.     The party seeking to use a demonstrative exhibit in connection with direct examination will provide a color representation of the exhibit to the other side in PDF. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

68.     These provisions regarding demonstrative exhibits do not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights

of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

## VII.   BRIEF STATEMENT OF INTENDED PROOFS

69.   Lumileds' brief statement of intended proofs is set forth in **Exhibit 13**.

70.   Dr. Schubert's brief statement of intended proofs is set forth in **Exhibit 14**.

## VIII.   BIFURCATED TRIAL

71.   The only issue for the pending trial is Lumileds' claim for patent unenforceability based on inequitable conduct.  During this trial, for purposes of efficiency, Lumileds will also ask the Court to rule on Lumileds' eighth affirmative defense of unclean hands which is based on the many of the same facts that Lumileds will present at trial for inequitable conduct.

72.   This issue is to be bifurcated from the jury trial on patent infringement and validity currently scheduled to begin July 26, 2021.

## IX.   MOTIONS *IN LIMINE*

73.   Pursuant to D.I. 70, the parties submit herewith all *in limine* requests and responses thereto.  Each side is limited to three (3) *in limine* requests, unless otherwise permitted by the Court.

74.   Between the parties, there is one motion(s) *in limine* currently pending. That motion is Lumileds' Motion *In Limine* No. 1 To Preclude Schubert's Reliance On Purported, Secret Advice of Counsel.

75.   Lumileds' motion *in limine*, submitted herewith, Dr. Schubert's response thereto, and Lumileds' further reply, are set forth in **Exhibits 15-17**, respectively.

## X.   NUMBER OF JURORS

76.   This is a non-jury trial.

19

## XI.    NON-JURY TRIAL

77.    Pursuant to the Court's Preferences and Procedures, the parties respectfully request a detailed opinion from the Court post-trial.

    a.    **Lumileds' Position:** Lumileds proposes the following post-trial briefing schedule: Each party will simultaneously submit their 30-page opening post-trial brief on or before June 14, 2021 and will simultaneously submit their 30-page answering post-trial brief on or before July 14, 2021. Lumileds further states that it is more efficient to complete post-trial briefing immediately after this bench trial, rather than wait until the completion of a jury trial on the remaining claims.   First, resolving the inequitable conduct (and unenforceability issue) may moot the need for a jury trial as to infringement and validity.  Second, because jury trials have been suspended for almost a year in the District of Delaware, the Court likely has a backlog of trials to attend to first in which bifurcation or alternative resolution is not possible.  Given this backlog, delaying post-trial briefing until the jury trial would impracticably extend it for an indefinite period of time.  Along with their opening post-trial briefs, each party shall provide a proposed Findings of Facts and a proposed Conclusions of Law, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts and a detailed listing of the relevant points of law the party believes it has proven, in a simple narrative form, along with citations to the record. The proposed Findings of Fact and Conclusions of Law shall be limited to a combined maximum of 30 pages.

20

b. **Dr. Schubert's Position:** Under the current schedule, a pretrial conference for the second trial in this case is scheduled for July 19, 2021 with a pretrial order to be filed by July 12, 2021. A five (5)-day jury trial is scheduled to begin on July 26, 2021. Lumileds' proposed post-trial briefing schedule for this May trial overlaps with the pretrial exchange schedule for the July trial, concluding after the July pretrial order is to be filed, and omitting reply briefing. Provided the July trial remains as scheduled, Dr. Schubert proposes that post-trial briefing for the May trial be submitted along the same briefing schedule as the post-trial briefing for the July trial (i.e., after the July trial). Dr. Schubert does not propose delaying post-trial briefing for the May trial indefinitely. To the extent the July trial is rescheduled to occur after August 31, 2021, Dr. Schubert proposes that the parties submit a proposed post-trial briefing schedule for the Court's approval within five (5) business days of the parties being notified of such a change.

    i. Separate from the timing, Dr. Schubert proposes post-trial briefing page limits of 20 pages for Lumileds' opening brief relating to the May trial, 30 pages for Dr. Schubert's answering brief relating to the May trial, and 10 pages for Lumileds' reply brief relating to the May trial.

    ii. Along with each party's initial brief, each party shall provide proposed Findings of Fact, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form,

along with citations to the record. The proposed Findings of Fact shall be limited to 10 pages for each party.

78.     Further pursuant to the Court's Preferences and Procedures, the parties agree that only admitted trial exhibits may be relied upon in post-trial briefing, no appendices shall be submitted with post-trial briefs, trial exhibit numbers shall be referred to by exhibit number (PTX-, DTX-, or JTX-), and any admitted trial exhibit that is not specifically addressed in the post-trial submissions shall be deemed stricken from the record.

79.     Further, pursuant to the Court's Preferences and Procedures, the parties will provide the Court with hyperlinked versions of the parties' post-trial papers within a week of the filing of the last post-trial brief.

## XII.     LENGTH OF TRIAL

80.     As set forth in the Court's March 22 Order, the trial will be two days and will be timed.   Time that a party is presenting opening statements, examining or cross-examining witnesses, presenting evidence by reading or playing a deposition transcript, or otherwise presenting argument on behalf of a party will be counted as the time of that party. Counsel must complete their case, including opening statements, examination of witnesses, and closing arguments, in the allotted time. If evidentiary disputes must be resolved by the Court, the time the parties take to present the dispute will be charged against them. If the Court determines that the dispute was frivolous or brought in bad faith, the Court may charge the losing party with all the time dedicated to resolving the issue.

81.     The Courtroom Deputy will keep a running total of trial time used by counsel. If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

82.     Considering the Court's procedures for counting time, and considering the nature and extent of the parties' disputes, the parties request the following for trial presentation:

   a.  **Lumileds' Position: 14** hours for trial presentation with Lumileds having **ten** hours for its case, and Dr. Schubert having **four** hours.  Lumileds intends to call seven (7) witnesses for its case-in-chief (up to six (6) by deposition testimony).  Dr. Schubert has only identified one (1) witness he will call (Dr. Schubert by live testimony) while identifying seven (7) witnesses it "may" call by deposition testimony.  Given Lumileds' burden, it is unfair to equally divide the time for trial presentation when Lumileds may proffer **<u>seven</u>** witnesses to Dr. Schubert's **<u>one</u>** witness.

   b.  **Dr. Schubert's Position:** Up to 14 hours for trial presentation with the time equally split between Dr. Schubert and Lumileds. Dr. Schubert intends to provide at least counter-designation testimony, and may provide affirmative designation testimony, to the extent needed for each witness, which will all count against Dr. Schubert's time for trial presentation. Dr. Schubert's time will also include time spent cross-examining the "at least seven" witnesses that may be called by Lumileds.

## XIII.   AMENDMENT OF THE PLEADINGS

83.     The parties do not offer any amendments to the pleadings at this time.

## XIV.   SETTLEMENT

84.     The parties hereby certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement.

## XV.   MISCELLANEOUS ISSUES

741438051.1

85.     **Use of Facts in Any Additional Trial**

    a.  **Lumileds' Position:** Lumileds reserves the right to use facts, evidence and conclusions raised in this bench trial for any defense in a future trial, and in support of a motion to declare this an exceptional case and grant attorneys' fees pursuant to 35 U.S.C. § 285.

    b.  **Dr. Schubert's Position:** The May bench trial resolves Lumileds' claim that the '475 Patent is unenforceable for the alleged acts of inequitable conduct and unclean hands by Dr. Schubert and BU. Evidence regarding Lumileds' allegations should not be mentioned or presented before the jury at the July trial regarding infringement and validity. The issues have been bifurcated and have no overlap. Lumileds' affirmative defense of unclean hands is based on its allegations of inequitable conduct (*see* D.I. 128 at ¶¶ 28-47). This trial does not address the issue of whether this is an exceptional case.

86.     **Trial Testimony:** Because BU, its employees identified above, and Mr. Connors are beyond the range of the Court's subpoena power and have elected not to appear at trial, the only live witnesses will be Dr. Schubert (for both Lumileds and then Dr. Schubert) and Mr. Kunin (for Lumileds). All other witness testimony will be through deposition testimony to be played for the Court according to the parties' designations.

87.     **Order of Proof:** The Parties agree on the following order of proof at trial:

    a.  Opening arguments in the following order: Lumileds then Dr. Schubert.

    b.  Lumileds' case-in-chief, including deposition designations and live testimony.

    c. Dr. Schubert's response, including deposition designations and live testimony from Dr. Schubert.

    d. Closing arguments: Dr. Schubert then Lumileds.


Dated: May 3, 2021

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4080)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

TROUTMAN PEPPER HAMILTON SANDERS LLP

James M. Bollinger (admitted *pro hac vice*)
Magnus Essunger (admitted *pro hac vice*)
Katherine Harihar (admitted *pro hac vice*)
Gerald E. Porter (admitted *pro hac vice*)
875 Third Avenue
New York, NY 10022
(212) 704-6000
(212) 704-5929 (Fax)

Robert A. Angle (admitted *pro hac vice*)
1001 Haxall Point
Richmond, VA 23219
(804) 697-1200
(804) 697-1339 (Fax)


*Attorneys for Plaintiff and Counterclaim*
*Defendant E. Fred Schubert*

Respectfully submitted,

COOCH AND TAYLOR

/s/ Blake A. Bennett
C. Scott Reese, Esq. (Bar No. 2036)
Blake A. Bennett, Esq. (Bar No. 5133)
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899-1680
Tel: (302) 984-3800
sreese@coochtaylor.com
bbennett@coochtaylor.com

MAYER BROWN LLP

Edward D. Johnson (admitted *pro hac vice*)
Donald M. Falk (admitted *pro hac vice*)
Michael A. Molano (admitted *pro hac vice*)
Cliff A. Maier (admitted *pro hac vice*)
Graham (Gray) M. Buccigross (admitted *pro hac vice*)
Two Palo Alto Square, Ste. 300
3000 El Camino Real
Palo Alto, CA 94306
Tel: 650-331-2000

Gregory J. Apgar (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-506-2500

Priya A. Desai (admitted *pro hac vice*)
71 S. Wacker Drive
Chicago, IL 60611
Tel: 312-782-0600

*Attorneys for Defendant and Counterclaimant
Lumileds LLC*

741438051.1

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: _____        _____
                                The Honorable Maryellen Noreika

741438051.1